Matthias, J.
 

 It is to be observed that by the policy of insurance issued to the plaintiff company the indemnity company agreed to insure plaintiff
 
 *225
 
 against loss from liability imposed by law upon tbe assured for damages on account of bodily injuries accidentally suffered, or alleged to have been accidentally suffered, by any person or persons, caused by the automobile vehicle described in statement No. 5 of the declarations, and that it further agreed that said policy should cover the operation of all automobiles and trailers of the type stated in the policy, hired by the assured during the term thereof and used for the purposes stated in the declarations, without specific description or specified premium charge for each automobile to be covered as required by the policy.
 

 In the suit brought by Terihay against the assured his cause of action was based entirely upon the claim that he was injured while a passenger or guest in one of the automobiles hired by the assured and used for the purpose stated in the declaration of said policy of insurance, to wit, “commercial delivery,” and that such automobile was then being operated by this plaintiff through certain of its employees in the usual course of plaintiff’s business. Upon the institution of that action it became essential that the assured defend the same. The assured thereupon proceeded under the requirements of its policy in order that it might secure the benefit of the provision thereof, wherein it was assured that, if any suit were brought against it to enforce a claim for damages, the insurance company would “defend such suit whether groundless or not,” and that the expense incurred, including court costs, would be borne by that company. It is claimed that it was necessary that plaintiff allege that the damages of the injured party were sustained while riding in an
 
 *226
 
 automobile in fact covered by the policy of insurance, or that an automobile covered by the policy was in fact involved in the accident. That begs the question. Though it turned out that the automobile in which Terihay was riding was neither owned nor hired by the assured, and that the assured had no liability whatever, that fact was demonstrated and the defense established only at the end of a lawsuit. It is quite obvious that under the situation presented the assured could not aver that an automobile covered by the policy was involved in the accident. Its defense was that it had nothing to do with the automobile that caused the injury. The obligation specifically assumed by the insurance company to make defense against such action as that brought by Terihay required it to proceed to conduct the defense in behalf of the assured upon the giving notice of such suit, and otherwise complying with the conditions of the policy in that respect. If the facts set up in Terihay’s petition had been established in the trial of that case, and a judgment rendered therein, the insurance company would have been required under the liability clause of its policy to satisfy that judgment to the extent of the amount specified in its policy. Applying that test in this case, how can there be any question as to the liability of the company, under the defense clause of its policy, to make a defense to the claim set up in the action brought by Terihay?
 

 The contract of the company does not contemplate that its duty arises subsequent to the trial of such case and a final determination of the question of the liability of the assured. This agreement to make the defense on behalf of the assured whenever
 
 *227
 
 a suit is brought against it to enforce such claim for damages is a valuable provision of the policy, but it would have little value, and would be rendered almost meaningless, if the duty of the company with respect thereto did not arise when an action was brought against the assured based upon a claim of injury by an automobile covered by such policy. The position of the assured in this case evidently was that no automobile hired by it was involved in such transaction, and for that reason Terihay’s suit was groundless; but before the assured could be relieved from this potential liability it was essential that it defend itself against the action instituted by Terihay. The insurance company by the express provisions of its policy had agreed to conduct that defense and pay the expense thereof.
 

 If an action be brought to recover damages for injuries claimed to have been inflicted by the owner of an automobile, which, as a matter of fact was nowhere in the vicinity of the accident and was therefore in no wise involved in the accident, the owner is nevertheless compelled to make a defense, though the claim against him be entirely groundless —whether it be groundless because the owner was in no wise at fault, or because his automobile was in fact not involved in the collision. It would of course be absurd to claim that the insurance company having entered into an agreement such as contained in the policy in question would not be liable for the expenses incurred in making such defense, because, as a matter of fact, the automobile covered by its policy was not involved in the accident. The use of the broad and general terms, “whether groundless or not,” does not warrant the claim that
 
 *228
 
 reference is had only to the matter of negligence of the owner of the automobile covered by the policy and involved in the accident. The innocence of the automobile of the claimed injury is as complete and effective whether established as the result of an alibi or by proving that, though present, neither the automobile, by reason of defective parts, nor its driver, by reason of his negligence, caused the collision. Certainly when an action is brought wherein an automobile covered by a policy containing such broad and general terms is alleged to have caused the injury for which recovery of damages is sought, the obligation assumed by the company under its contract “to defend such suit whether groundless or not” matures, and for default thereof it may be required to reimburse the assured for the expenses reasonably and necessarily incurred by the assured by reason of such default of the company.
 

 While it does not appear that the precise question here presented has been previously considered by any reported case, the view herein expressed and conclusion reached upon the admitted facts are supported by the courts which have thus far had similar provisions before them for consideration, and no decisions are to the contrary. 2 Berry on Automobiles (6th Ed.), Section 2091, and the following cases, which are in point:
 
 Greer-Robbins Co.
 
 v.
 
 Pacific Surety Co.,
 
 37 Cal. App., 540, 174 P., 110 (rehearing denied by Supreme Court August 12, 1918);
 
 South Knoxville Brick Co.
 
 v.
 
 Empire State Surety Co.,
 
 126 Tenn., 402, 150 S. W., 92, Ann. Cas., 1913E, 107;
 
 Mayor, Lane & Co.
 
 v.
 
 Commercial Casualty Ins. Co.,
 
 169 App. Div., 772, 155 N. Y. S., 75;
 
 Butler Bros.
 
 v.
 
 American Fidelity Co.,
 
 120 Minn., 157, 139 N. W.,
 
 *229
 
 355, 44 L. R. A. (N. S.), 609;
 
 Sachs
 
 v.
 
 Maryland Casualty Co.,
 
 170 App. Div., 494, 156 N. Y. S., 419;
 
 Western Indemnity Co.
 
 v.
 
 Walker-Smith Co.
 
 (Tex. Civ. App.), 203 S. W., 93;
 
 Coast Lumber Co.
 
 v.
 
 Ætna Life Ins. Co.,
 
 22 Idaho, 264, 125 P., 185.
 

 It is our conclusion, therefore, that the demurrer to the petition should have been overruled. For error in affirming the action of the court of common pleas sustaining the demurrer, the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Maeshall, C. J., Robinson and Allen, JJ., concur.
 

 Kinkade, Jones and Day, JJ., dissent.