Williams, J.
 

 The sole question presented by this appeal is whether the Court of Appeals committed prejudicial error in entering final judgment for the insured, for attorney fees and expenses incurred in the defense of a damage suit for personal injuries, which was brought by Robert Harper against • insured and resulted unfavorably to him.
 

 Counsel for insurer assumed sole charge of the defense in Harper’s ease and for about one year continued in control without making any disclaimer of liability or without giving notice of its desire to defend
 
 *392
 
 witli reservations. Then the insurer wrote a letter to the insured, in which it was stated in effect that in insurer’s opinion it was not liable under the policy terms to indemnify for damages recovered against the insured, and it was suggested in that letter that insured might desire to employ its own counsel to assist in the defense. The insurer’s claim of nonliability was founded upon the theory that the only way in which the insured could be liable for damages to Harper, would be upon the ground that Northam (an inspector selected from a list of city inspectors furnished by the Building Department of the city of Cleveland and paid for his services by the insured) was the employee of insured, and that he, as such employee, was guilty of negligence which was a direct and proximate cause of Harper’s injuries. If this theory is well founded then, as the insurer claims, there was no liability imposed upon the insurer to indemnify the insured for any damages recovered, for the reason dhat the policy exempted from coverage injuries caused by an employee. It is claimed by the insured that this delay and the attendant circumstances constituted a waiver and worked an estoppel against the insurer. Such a waiver or estoppel could operate only in proceedings to compel insurer to pay a judgment • recovered in a damage suit, which insurer had defended without reservations or notice of claim of reservations. In our judgment there was no waiver or estoppel which would afford a basis for the recovery of attorney fees and expenses paid, but the liability of the insurer to the insured with respect thereto depends upon whether there is a breach of the insurer’s contractual obligation to' make defense.
 

 The duty of an insurance company to defend an action brought against its insured is determined from the plaintiff’s petition and,' when that pleading on its
 
 *393
 
 face discloses a case within the coverage of the policy, the insurer is required to make defense regardless of its “ultimate liability” to the insured
 
 (Bloom-Rosenblum-Kline Co. v. Union Indemnity Co.,
 
 121 Ohio St., 220, 167 N. E., 884). In our judgment that casé is sound and in accord with authority. See 8 Appleman’s Insurance Law and Practice, 3, 8, Sections 4682, 4683. It is axiomatic that a policy which contains a provision that the insurer shall make defense of an action brought to recover damages for which indemnity is payable even though such action may be groundless, does not require the insurer to defend a groundless action which is not within the coverage of the policy. Conversely, the fact that the claim of Harper was in reality groundless does not of itself relieve the insurer from making defense provided his second amended petition alleges facts which showed a claim within the coverage of the policy.
 

 In their brief, counsel for insurer admit, in the following language, its duty.to defend the Harper case:
 

 ‘ ‘ Continental could not refuse to defend this suit for several reasons. It was compelled to defend because until the final determination of that suit, it would not be known whether Northam was Socony’s employee or not.”
 

 Counsel then cite
 
 Bloom-Rosenblum-Kline Co.
 
 v.
 
 Union Indemnity Co., supra,
 
 and continue:
 

 “It [the insurer] was compelled to defend because, even if Northam had been conceded to be an employee of Socony’s, .the injury might not have been caused by his negligence, which was indeed the result that came about. Continental was compelled. under its contract to defend the suit, even though it were groundless.”
 

 By this language counsel for the insurer concede in effect that, determined by the second amended petition, there was coverage which imposed upon the insurer the obligation to defend.
 

 
 *394
 
 Did tlie insurer commit a breach of its contract to defendí To answer this question requires a preliminary analysis of the pertinent provisions of the policy and the allegations of the second amended petition.
 

 The policy covered bodily injuries accidentally suffered or alleged to have been suffered by any person not employed by the insured, (1) by reason of the negligence of any independent contractor or independent subcontractor or (2) by reason of materials or appliances intended for such contractors’ or subcontractors’ operations, while upon the premises in question.
 

 Under such provisions of the policy there would be coverage in two classes of cases: (1) Actions brought against the insured for injuries caused by negligence of such a contractor or subcontractor, as for instance those suffered where the work was inherently dangerous. In such cases the gist of the action against the insured would not be its own negligence, but the negligence of the independent contractor or subcontractor. (2) Actions brought against the insured for injuries caused by materials or appliances, as for instance, any negligence of insured itself with respect to such materials. This latter class might be held to embrace actions for injuries caused by negligence of the insured in giving peremptory orders to workmen of a subcontractor in handling materials when such orders are given through an authorized officer or agent of the insured who is not an “employee” within the meaning of that term as used in the policy.
 

 One of the grounds of recovery alleged in the second amended petition in the Harper case was that the defendants therein, the insured and Paugh
 
 &
 
 Brown, Inc., were guilty of negligence in peremptorily ordering and commanding the subcontractor’s workmen who were supporting the plate in an upright position, to abandon their task in favor of another, thereby cans
 
 *395
 
 ing such plate to buckle and topple over upon Harper, as a result of which he sustained injuries. It may be stated parenthetically that although the petition in Harper’s case was dismissed as to defendant Paugh & Brown, Inc., the legal aspect of that case was not thereby changed. Negligence was charged without any averment to show through whom the alleged wrong was committed. No reference was made to the inspector by name or" otherwise or to any officer, agent or employee of the insured or its then codefendantThe alleged acts of negligence may have been committed by one who was the
 
 alter ego
 
 of the insured (as a managing officer for instance) and not an “employee.”
 

 There was a question as to whether the insured participated in giving the peremptory order, and, if so, whether it was given under such circumstances'as to-constitute actionable negligence on the part of the insured. How was this question to be determined?
 

 In
 
 Bloom-Rosenblum-Kline Co.
 
 v.
 
 Union Indemnity Co., supra,
 
 Judge Matthias, at page 226 of the opinion, stated:-
 

 “If the facts set up in Terihay’s [the plaintiff’s] petition had been established in the trial of that case [the damage case], and a judgment rendered therein, the insurance company would have been required under the liability clause of its policy to satisfy that judgment to the extent of the amount specified in its policy. ’ ’
 

 The same principle applies here. If a judgment had been rendered for negligence in giving the peremptory order through an authorized representative who could not have been deemed an employee, like satisfaction by the insurer would have been .required. Whether there was a liability for negligence in giving such a peremptory order could not be determined until the Harper case was finally disposed of.
 

 
 *396
 
 Accordingly in respect to'coverage the situation that confronted the insurer in determining its course in defending the Harper suit, related to potential rather than ultimate liability for indemnification.
 

 If the plaintiff, Harper, were to recover, it would be to the insurer’s interest to have the recovery based on the sole ground that Northam was an employee of insured and guilty of negligence in the course of his employment, because the policy did not cover loss for injuries caused by any employee of the insured; but it would be to insured’s interest to have such a recovery based upon a ground that brought the judgment within the coverage of the policy.
 

 Thus in making defense the interest of the insurer came into conflict with the interest of the insured. The insurer sought to avoid any liability to indemnify insured for recoverable damages by giving notice of claimed nonliability, inviting the insured to employ counsel of its own choice for its own protection and allowing them to participate in the case and by attempting at the same time to perform its (insurer’s) conceded contractual obligation to defend by requiring its own counsel to keep control of the defense at all times.
 

 As a result, the insured was confronted with a hazard which justified it in employing its own counsel for its protection- — protection the insurer plainly indicated it would not give. The insured met the hazardous situation by employing counsel under protest and notifying the insurer that it must bear the expense.
 

 The insurer did not accept or reject the condition that it bear the expense, and so informed the insured of its inaction. Insurer, however, permitted and in fact through counsel encouraged insured’s counsel to participate in the proceedings at all times. Even after
 
 *397
 
 judgment in- the Court of Common Pleas and pending an appeal to the Court of Appeals, counsel for the insured wrote counsel for the insurer and asked them to assume full responsibility for the defense and relieve the insured from incurring further expense. The insurer replied that it would maintain its former position.
 

 As the hazard was created by the action of the insurer in placing itself in a position in which it could not and did not fully and completely perform its contractual obligation to make defense, the insured is entitled-to recover reasonable attorney fees, and proper expenses on the ground that insurer breached its contract.
 
 Boise Motor Car Co.
 
 v.
 
 St. Paul Mercury Indemnity Co.,
 
 62 Idaho, 438, 112 P. (2d), 1011. See 8 Appleman’s Insurance Law and Practice, 36, Section 4691. The insurer, having agreed in its contract of insurance to make defense at its own expense, could not in .such manner pass part of the expense thereof on to the insured.
 

 Under the uncontroverted facts the Court of Appeals was justified as a matter of law in reversing the judgment of the Municipal Court, and rendering final judgment in favor of the insured for attorney fees and expenses in the sum of $2,341.82, which it was agreed was reasonable and proper in amount.
 

 For the reason given, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Turner, Matthias and Hart, JJ., concur.
 

 Bell, J., concurs in paragraphs one and two of the syllabus and in the judgment.