In Re John James HRONEK, Bankrupt.

Charles SILVERMAN, Trustee,
Plaintiff-Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY
CO., et al., Defendant-Appellees.

No. 76–1753.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1977.

Decided Sept. 29, 1977.

Harvey S. Morrison, Carlisle, Reimer, Birge & Morrison, Cleveland, Ohio, for plaintiff-appellant.

Arthur J. Stern, Stern & Keller, Cleveland, Ohio, for Hartford Acc. & Indem. Co. etc.

William J. Sexton, Cleveland, Ohio, for Samuel C. Asad.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and FREEMAN, Senior District Judge.*

RALPH M. FREEMAN, Senior District Judge.

This is an appeal by the Trustee in Bankruptcy from a decision of the District Court which reversed findings of the Bankruptcy Court.

In 1969, the bankrupt, John James Hronek, purchased an automobile from Ed Stinn Chevrolet, Inc. Before title passed from Stinn to Hronek, the bankrupt was involved in an accident in which Ralph Sainsbury was injured. At the time of the accident the bankrupt had no automobile liability insurance. Stinn's coverage at that time consisted of an "Umbrella Policy" issued by Hardware Mutual Casualty Company and a newly agreed to policy with Hartford Accident and Indemnity Company.

Sainsbury commenced suit against the bankrupt and Stinn. Thereafter Sainsbury and the bankrupt brought an action for declaratory relief against Hartford and Hardware seeking a ruling that Hronek was an insured under Stinn's insurance policies. The District Court granted the requested relief and that decision was affirmed by this Court in *Sainsbury v. Hartford Accident and Indemnity Company*, 469 F.2d 392 (6th Cir. 1972).

Prior to that holding, Hronek had retained appellee, Samuel C. Asad, as an attorney to represent him in the Sainsbury suit. Asad defended the action until such time as it was determined that Hronek was an insured. At that time, Hartford and Hardware assumed the defense of Hronek and Sainsbury's claim was settled shortly thereafter on May 17, 1975.

On May 15, 1975, Asad filed a motion requesting that the insurers be required to pay his attorney fees in connection with the case, since they were obligated by contract to defend Hronek. Shortly thereafter, on June 19, 1975, Hronek filed a Bankruptcy Petition not scheduling Asad as a creditor. The Trustee in Bankruptcy also asserted a claim for any funds representing amounts due Hronek from the insurers for failure to defend against Sainsbury's claim.

In response, Hartford offered to pay $2,500.00 as its share of the disputed legal fees provided that its liability would be extinguished by a court order. To effectuate this settlement the Trustee filed a complaint in the bankruptcy proceedings to recover the property represented by Hartford's offer to pay. In that action Hartford filed an answer admitting the offer to pay and requesting that the Court determine whether:

> payment should be made directly to the Trustee in Bankruptcy or whether the Trustee in Bankruptcy and creditors have any claim on said fund and whether Samuel C. Asad is a general creditor of the Bankrupt.

The appellee, Asad, filed a motion to dismiss the Trustee's complaint to recover property but at the same time asserted his entitlement to any funds offered by Hartford in settlement of the various claims.

The Bankruptcy Court went on to decide the matter, holding that the funds offered by Hartford constituted an asset of the bankrupt's estate; that Asad had no contractual relationship with Hartford to support his claim for attorney fees; that Hartford's liability derived from a contract for the benefit of the bankrupt; and that Asad was at best a general creditor of Hronek with no lien on the money offered by Hartford.

* Honorable Ralph M. Freeman, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

Asad appealed this decision to this District Court. The District Court reversed, holding that Hartford was not required to indemnify Hronek for any legal fees and that the dispute as to whether the Trustee or Asad was entitled to the $2,500.00 was moot since there was no property to be recovered.

The Trustee has appealed to this Court asserting that the District Court erred in overturning the settlement by deciding the underlying issue of Hartford's ultimate liability. We hold that the District Court did err in this regard and should have directed its attention only to the issue of who was entitled to the $2,500.00 offered by Hartford.

■ The facts in this case clearly demonstrate that it was Hartford's intent to settle all claims for attorney's fees and that the action in the Bankruptcy Court was merely a means by which Hartford could insure against paying a party not legally entitled to the funds. As the Trustee points out in his brief, this suit was, in substance, an interpleader action with Hartford as the stakeholder. Since neither the Trustee nor Asad has complained that the amount offered by Hartford was inadequate, it is clear that a settlement subject to a judicial determination of who was entitled to the funds was effectuated.

■ This being the case, it is apparent that the District Court's decision was erroneous. Settlements occupy a favored position in Ohio law. *White v. Brocaw*, 14 Ohio St. 339 (1863). The fact that the claim, in retrospect, appears to have been unmeritorious does not affect the validity of a settlement so long as the outcome of the claim appeared doubtful to the parties at the time of settlement. *Grasselli v. Lowden*, 11 Ohio St. 349 (1860). The facts of this case clearly indicate that the parties were in doubt as to Hartford's ultimate liability at all times prior to the District Court's decision. Thus, it is clear that the settlement was valid and that the District Judge exceeded his authority by invalidating it.[1]

■ The remaining question is whether this Court should decide the issue of who is entitled to the funds offered by Hartford or remand the case to the District Court for a determination of this issue. Although we recognize that the normal procedure is to remand a case where the lower court has not considered a pertinent issue, considerations such as judicial economy dictate otherwise where the correct resolution of the issue is clear. *Levin v. Mississippi River Fuel Corp.*, 386 U.S. 162, 87 S.Ct. 927, 17 L.Ed.2d 834 (1967). We believe this is a case where such considerations dictate that the issue be decided by the appellate Court. The issue was briefed and argued in this appeal and, as demonstrated below, the issue is a simple one with a clear resolution.

The law regarding rights of action and claims possessed by a bankrupt is clear. Section 70(a)(5) of the Bankruptcy Act vests in the Trustee title to the bankrupt's

> property, including rights of action, which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him or otherwise seized, impounded, or sequestered: . . .

In addition, Section 70(a)(6) provides that the Trustee shall have title to the bankrupt's

> rights of action, arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property; . . .

■ These sections have been held to include claims possessed by a bankrupt against an insurance company. *Anderson v. St. Paul Mercury Indemnity Co.*, 340 F.2d 406 (7th Cir. 1965); *Moore v. United States Fidelity & Guaranty Company*, 325 F.2d 972 (10th Cir. 1963). Thus, it is clear that if a potential claim against Hartford for failure to defend belonged to the bankrupt, as opposed to Asad, this claim passed to the Trustee by virtue of the bankruptcy petition.

Previous decisions in the case at hand and relevant Ohio law make it clear that the

---

1. The validity of the settlement is further evidenced by the fact that Hartford failed to contest liability in any of the lower court proceedings.

claim against Hartford belonged solely to Hronek and that Asad's only remedy for attorney fees was against his client, Hronek. In *Sainsbury v. Hartford Accident and Indemnity Co.*, 469 F.2d 392 (6th Cir. 1972), this Court held that the coverage provided for in the Hartford policy extended to Hronek. As such, the obligation owed by Hartford was to the bankrupt. No Ohio decisions have been cited to this Court and none have been found which give an attorney the right to claim fees from an insurer as a result of the insurer's failure to defend. On the contrary, Ohio decisions in this area recognize the right as one which belongs to the insured.[2] *Motorists Mutual Insurance Co. v. Trainor*, 33 Ohio St.2d 41, 294 N.E.2d 874 (1973); *Socony-Vacuum Oil Co. v. Continental Casualty Co.*, 144 Ohio St. 382, 59 N.E.2d 199 (1945); *Bloom-Rosenblum-Kline Co. v. Union Indemnity Co.*, 121 Ohio St. 220, 167 N.E. 884 (1929).

Furthermore, Asad makes no claim in his brief that he has a lien on these funds, nor does it appear that such a lien exists under Ohio law. In Ohio, there is no statutory or common law rule which gives an attorney a lien on his client's cause of action. *Pennsylvania Co. v. Thatcher*, 78 Ohio St. 175, 85 N.E. 55 (1908). Ohio courts, however, appear to recognize the existence of an attorney's lien for fees in certain instances. This lien arises where the attorney obtains a judgment or collects funds for his client. The lien attaches to the fruits of the judgment or funds collected for the client and is limited to attorney fees incurred in obtaining the judgment or collecting the fund. *Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923). Such a lien would not arise in this case because Asad's efforts in the original suit by Sainsbury did not give rise to the fund in dispute. The existence of such fund arose independent of Asad's efforts as the result of a supposed obligation owed Hronek by Hartford.

The obligation to pay attorneys fees, if it existed, did not result from Asad's

efforts on behalf of Hronek. The situation would be different had Asad represented Hronek in an action to recover attorney fees from Hartford. In such a situation Asad might be entitled to a lien on any funds recovered in such an action, because it could be said that the fund was recovered through his efforts. Here it is apparent that the dispute regarding attorney fees arose long after Asad had ceased to represent Hronek. Therefore, it is apparent that Asad did not obtain any judgment or collect any funds for Hronek on which a lien could attach. This leads to the conclusion that Asad had no lien on the fund and is at best a general creditor of Hronek.

For the reasons stated, the Court holds that a valid settlement with Hartford was effectuated; that the Trustee in Bankruptcy is entitled to the funds offered in settlement; and that Asad is at best a general creditor of Hronek. In view of the fact that our findings are the same as the Bankruptcy Court, we reverse the District Court's decision and remand the case with an order that the findings of the Bankruptcy Court be reinstated and affirmed by the District Court.

---

2. Although Asad contends that the offer to settle was originally made to and accepted by him, this would have no bearing on the proper disposition of the property. Since the right of action belonged to the bankrupt, title to any recovery by Asad would vest in the Trustee by virtue of Section 70(a)(5) and (6) of the Bankruptcy Act.