In re SIN–KO, INC., Debtor.

Thomas R. MICHALSKI,
Trustee, Plaintiff,

v.

Geraldine SINGER, et al., Defendants.

Bankruptcy No. 82–01390.
Adv. No. 84–0302.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 20, 1987.

See also, 48 B.R. 180.

Lawrence Gibson, Toledo, Ohio, for plaintiff.

Marvin K. Jacobs, Toledo, Ohio, for Jacobs & Singer.

Robert W. Kern, U.S. Dept. of Justice, Washington, D.C., for IRS.

Joseph Goldberg, Toledo, Ohio, for City of Toledo.

Robert W. Rowley, Toledo, Ohio, for Wine World.

Stewart H. Aron, Toledo, Ohio, for Julius Wile Sons.

Verne Armstrong, Toledo, Ohio, for IRS.

George H. Calloway, Columbus, Ohio, for Ohio Employment.

Harold Scheer, Toledo, Ohio, for Cara Vincola.

James E. Yavorcik, Toledo, Ohio, for Superior.

Howard Hershman, Toledo, Ohio, for Huntington Bank.

Richard L. Millward, Toledo, Ohio, for Weaver.

Larry W. Whiteleather, Toledo, Ohio, for Radel & Co.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon defendants', Internal Revenue Service (hereinafter referred to as "IRS"), Superior Beverage Co. (hereinafter referred to as "Superior"), Marvin K. Jacobs (hereinafter referred to as "Jacobs"), and Geraldine Singer (hereinafter referred to as "Singer"), motions for summary judgment to dismiss the trustee's complaint to avoid preferential transfers. For the reasons stated below, the court finds that defendants' motions are well taken and should be granted, dismissing plaintiff's complaint.

### FACTS

Debtor's business terminated September 18, 1981, as a result of a fire. See Statement of Financial Affairs. Insurance checks in the amounts of $50,000.00 and $61,129.53 issued as a result of this loss. Additionally, a salvage payment in the amount of $22,500.00 was received by Debtor. These amounts totalled $133,629.53. Debtor's president and sole shareholder, Defendant Singer, distributed these proceeds to various creditors, including defendants IRS, Superior, Jacobs and Singer. On June 28, 1982, an involuntary petition in bankruptcy was filed on behalf of Debtor, Sin-Ko, Inc. An order for relief under chapter 7 was entered on November 16, 1982, and plaintiff, Thomas R. Michalski, was thereafter appointed trustee.

On December 5, 1984, the trustee filed a complaint against these defendants for preferential transfers. Motions for summary judgment have been filed by defendants IRS, Superior, Jacobs and Singer. Defendant IRS argues that § 547 is inapplicable to its claim for unpaid employment taxes as these funds are trust funds within the meaning of § 7501 of the Internal Revenue Code. The claim of IRS was paid in full by Debtor. Defendants, Singer, Jacob and Superior, filed motions for summary judgment claiming that the elements of § 547 have not been proven by plaintiff. Plaintiff filed a motion to allow it until November 1, 1986, to respond to these motions. To date, plaintiff has failed to submit any response.

Attached to defendants' motions is an affidavit of defendant Singer, dated September 22, 1986. That affidavit states that Singer, as president and sole shareholder of Debtor, made a distribution on or about April 2, 1982, on behalf of Debtor, to defendants. That affidavit indicates that taxing authorities were paid in full and that payment to all of Debtor's other creditors was made on a pro rata 16.6% basis.

### DISCUSSION

At the outset, it is noted that no objections to any of defendants' claims have been filed. Additionally, the trustee has made no inference that these claims are overstated. Thus, it appears that the claims and the amounts are not in dispute.

Furthermore, the trustee has not provided evidence that there are other creditors who did not receive payment from Debtor on their debts and for whose benefit this adversary, and the related involuntary case, was instituted. This proceeding, then, appears to benefit neither Debtor nor its creditors.

Nevertheless, the trustee's complaint is governed by 11 U.S.C. § 547 which states in pertinent part:

(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

654

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In order to determine whether subsection (5) of § 547(b) has been met, the construction of a hypothetical chapter 7 distribution as of the date of the bankruptcy petition must be accomplished. *In Re Tenna Corp.,* 801 F.2d 819 (6th Cir.1986). The court need not "liquidate" the assets as of the bankruptcy filing, but rather must determine the "priority status of all creditors as 'if' the chapter 7 liquidation had been made." *Id.* at 821. Quoting the legislative history, the court stated:

[T]he court must focus on the relative distribution between classes as well as the amount that will be received by the members of the class of which the [creditor] preferee is a member …

*In Re Tenna Corp.,* 801 F.2d at 823. *See also* 4 *Collier on Bankruptcy* ¶ 547.35 at 547–120 (15th ed. 1986) (court must decide transferee's class and what distribution other members of that class would have received).

Applying § 547 to the instant situation, it appears that the first four elements represented by subsections (1) through (4) merit little discussion. Obviously, these transfers were to creditors. 11 U.S.C. § 547(b)(1). These transfers represent payments on accounts of debts owed by the debtor. 11 U.S.C. § 547(b)(2). Pursuant to a letter from Geraldine Singer, president and sole shareholder of Debtor, to Marvin K. Jacobs, dated April 1, 1982, Ms. Singer acknowledged that the corporate debts were greater than its property thus acknowledging the insolvency of the corporation as defined by 11 U.S.C. § 101(29). 11 U.S.C. § 547(b)(3). These transfers were made on or about April 1, 1982 and April 2, 1982, within the 90 day period prior to the initiation of the involuntary bankruptcy on June 28, 1982. Additionally, the Debtor is presumed insolvent during the 90 days preceding the filing of the petition. 11 U.S.C. § 547(f). The focal issue of this proceeding concerns the fifth element set forth in subsection (5). Therefore, discussion of this element follows.

The trustee has the burden of proving the avoidability of a transfer. 11 U.S.C. § 547(g). In proving the elements of a transfer, the trustee must overcome the presumption afforded a creditor that payments made to a creditor by the Debtor are valid. 4 *Collier on Bankruptcy* ¶ 547.-55 at 547–191–93 (15th ed. 1986). Thus, in the instant situation, the trustee must prove that the effect of the transfer is to enable the creditor to obtain a greater percentage of its debt than it would under a chapter 7 liquidation. Defendants set forth different arguments and represent different classes of ceditors. Therefore, separate analysis of these defendants follow.

### IRS

Debtor lists IRS' claim on Schedule A–1, creditor having priority. A claim having priority is governed by 11 U.S.C. § 507(a). Subsection (a)(7)(D) governs IRS' claim as it refers to unsecured claims of governmental units for employment tax on wage, salary or commission.

IRS attached to its motion for summary judgment, a copy of its notice of levy, showing an amount due it of $21,696.04, for unpaid federal employment taxes from Debtor. IRS received payment in this amount. If a governmental unit creditor

has a valid tax claim entitled to priority under § 507(a)(7), Debtor's payment in full to such a creditor should not constitute a preference as long as that creditor would receive the same amount under a chapter 7 liquidation case. 4 *Collier on Bankruptcy* ¶ 547.35 at 547–120 (15th ed. 1986). As a chapter 7 liquidation case, Debtor would have been required to pay IRS, as a creditor having priority, in full before making distribution to other creditors. *See* 11 U.S.C. § 726(A)(1). Plaintiff has not shown that IRS received more than it would have under a chapter 7 case, in accordance with 11 U.S.C. § 547(B)(5). Therefore, following 11 U.S.C. § 547(B)(5) and *In Re Tenna,* the court finds that there exists insufficient evidence to prove a preferential transfer was made to IRS, as IRS received the same amount as it would have as a creditor having priority under a chapter 7 case.

### Superior

■ Defendant Superior is the holder of an unsecured claim, as set forth in Schedule A–3 of the petition. Superior filed a complaint in Toledo Municipal court, claiming a balance owed it on its account with Debtor of $4,582.50. *Superior Beverage Co. v. Sin-Ko, Inc.,* Case No. 82–04306 (Tol.Muni.Ct. March 10, 1982). Superior received $762.30 from Debtor in payment of this claim. *See* Motion of Defendant Superior Beverage Group Ltd. for Summary Judgment at 2. It thus received about 16.6% of its claim. Applying *In Re Tenna,* Superior is a member of the class of creditors holding unsecured claims. It received approximately 16.6% of its claim. Pursuant to the affidavit of Singer, this 16.6% distribution was made to all unsecured creditors. Therefore, Superior shared equally with other members of its class. Superior did not, then, receive more than it would have under a chapter 7 case. The court finds, then that the trustee has failed to provide sufficient evidence to prove that a preferential transfer was made to Superior.

### Jacobs

■ Attached to defendant Jacobs' motion for summary judgment is an affidavit signed by Jacobs, dated September 23, 1986. That affidavit states that Jacobs received $9,000, from Debtor, for services rendered on behalf of Debtor in negotiating a settlement of the fire loss in the amount of $133,000. Jacobs may be said, then, to have a lien as

> Ohio courts ... recognize the existence of an attorney's lien for fees ... where the attorney obtains a judgment or collects funds for his claim. The lien attaches to the ... funds collected for the client.

*In Re Hronek,* 563 F.2d 296, 299 (6th Cir. 1977).

11 U.S.C. § 725 would permit, in a chapter 7 case, the trustee to dispose "of property in which an entity other than the estate has an interest, such as a lien." The payment to Jacobs represents payment made as a result of his lien. No purpose would be served by ordering Jacobs to disgorge this amount and then ordering the trustee to pay Jacobs the amount of his lien. Applying § 547(b)(5) and *In Re Tenna,* the court finds that Jacobs is a creditor who had a lien on the insurance monies and that he thus is entitled to payment in the amount of his lien. The amount received is not disputed by the trustee. Under a chapter 7 liquidation, then, Jacobs would have received this same amount. The court finds, then, that the trustee has failed to provide sufficient evidence to prove that a preferential transfer was made to Jacobs.

### Singer

■ Defendant Singer stated in her affidavit, dated September 22, 1986, that she did not receive any funds or preferential transfer from Debtor. As discussed, *infra,* the trustee has failed to respond to this affidavit. Thus, even though Singer is an insider as alleged in plaintiff's complaint and as defined in 11 U.S.C. § 101(28), the trustee had failed to provide sufficient evidence to prove that a preferential transfer was made to Singer.

On the date of the involuntary filing, the monies received by Debtor had already been distributed to defendants. The invol-

untary case was filed in 1982 and the instant adversary proceeding in 1984. The trustee has failed to respond to defendants' motions and has, thus, failed to disprove the presumption of the validity of these payments. Additionally, analysis of § 547(b) concludes that defendants did not receive more than they would have in a chapter 7 liquidation case. These defendants were all creditors of Debtor. Based on the evidence, Debtor attempted to make a pro rata distribution to creditors, after paying those creditors entitled to priority. This would have been accomplished through a chapter 7 distribution. No benefit would inure to Debtor, its estate or its creditors if the court were to order these defendants to disgorge the monies received as the same distribution would result. The court finds, then, that defendants' motions for summary judgment should be granted, dismissing plaintiff's complaint.

### Fed.R.Civ.P. 56

■ Bankruptcy Rule 7056 makes Fed. R.Civ.P. 56 applicable to bankruptcy adversary proceedings. Rule 56(e) provides:

> ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, when the moving party supports his motion for summary judgment by affidavits or other evidence, the adverse party cannot rest on the allegations in his pleadings. See also 10 *Wright & Miller* ¶ 2712 at 582 (2d ed. 1983). Pursuant to Fed.R. Civ.P. 56(e), unless plaintiff opposes defendants' motions through affidavits or other evidence, defendants are entitled to summary judgment, if appropriate. A summary judgment is proper when it appears that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law.

Upon review of the complaint and motions, the court finds that no genuine issue of material fact exists. Plaintiff's complaint alleges payment to defendants representing payment on accounts of debt owed by Debtor made while Debtor was insolvent within 90 days prior to bankruptcy. 11 U.S.C. § 547(b). These facts are not disputed. However, the parties dispute application of subsection (5). *Supra* at 653. As previously discussed, *supra*, the court finds that the trustee has failed to provide sufficient evidence that preferential transfers were made by Debtor to defendants. Thus, summary judgment is appropriate. In accordance with Fed.R.Civ.P. 56(e), defendants' motions for summary judgment should be granted as the trustee has failed to come forward with affidavits or other evidence showing that there is a genuine issue of fact or that defendants are not entitled to judgment as a matter of law.

### Fed.R.Civ.P. 41

Furthermore, Bankruptcy Rule 7041 makes Fed.R.Civ.P. 41 applicable in adversary proceedings. Rule 41 provides in subsection (b):

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action....

Plaintiff has failed to comply with these rules as he has failed to submit affidavits or other documentation in response to defendants' motions for summary judgment, in accordance with Fed.R.Civ.P. 56(e). *Supra.* Additionally, plaintiff has filed to comply with this court's order regarding submission of its brief in opposition by November 1, 1986. As a result, the court finds that plaintiff's complaint should be dismissed.

In light of the foregoing, it is therefore

ORDERED that defendants' motions for summary judgment be, and they hereby are, granted. It is further

ORDERED that plaintiff's complaint be, and it hereby is, dismissed with prejudice as to the defendants Internal Revenue Service, Superior Beverage Co., Marvin K. Jacobs, Geraldine Singer, Toledo Commission-

er of Taxation, Wine World, Inc., Julius Wile Sons & Co., Inc., Ohio Bureau of Employment Services, Cara Vincola Boccaccio Di Barsottini and Fedeli, Huntington National Bank, Frank D. Myrice and Robert L. Weaver, and Radel & Co.