{¶ 22} I respectfully dissent. An insurer's duty to defend is separate and distinct from its duty to indemnify. Socony-VacuumOil Co. v. Continental Cas. Co. (1945), 144 Ohio St. 382, paragraph one of the syllabus. In the present case, Auto-Owners performed its duty of defending K.C's in the wrongful death action; however, by its actions, Auto-Owners denied that coverage existed under the policy it issued to K.C.'s. While the underlying action was pending, Auto-Owners sought a declaratory judgment that coverage did not exist. The trial court granted Auto-Owners' motion for summary judgment in the declaratory action, holding that Auto-Owners had neither a duty to defend nor a duty to indemnify K.C.'s for the death of Kevin Horton. Once Auto-Owners obtained a judgment from the trial court that it was not required to either defend or indemnify K.C.'s in the wrongful death action, K.C.'s was no longer obligated to seek Auto-Owners' approval before entering into a settlement with the estate. "[W]hen the insurer denies coverage and the insured is exposed to the entire amount of a potential damage award, the insured does not breach its duty to cooperate because it settles the case."Presrite Corp. v. Commercial Union Ins. Co. (1996),113 Ohio App.3d 38, 44, citing McNicholes v. Subotnik (C.A.8, 1993),12 F.3d 105, 109. The present case is unique in that not only did Auto-Owners deny coverage, but the trial court also had entered judgment declaring that Auto-Owners had no obligation to provide coverage.
 {¶ 23} Although no longer required to do so, during the pendency of the appeal of the trial court's judgment in the declaratory action, K.C.'s notified Auto-Owners multiple times that it intended to settle with the estate. Auto-Owners, however, failed to respond to the correspondence sent by K.C.'s attorney until May 5, 1998. At that time, Auto-Owners' attorney advised K.C.'s attorney that Auto-Owners would not consent to any settlement between the estate and K.C.'s. K.C.'s executed the settlement agreement on May 4, 1998. In McDonald v.Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, paragraph three of the syllabus, the Supreme Court of Ohio stated: "The insurer's failure to respond, within a reasonable time, to notification by its insured of a settlement offer will operate to void" insurance provisions which are favorable to the insurer. In this case, a review of the record shows that Auto-Owners failed to respond within a reasonable time to K.C.'s correspondence regarding a possible settlement with the estate.
 {¶ 24} Auto-Owners' failure to respond in a timely manner, coupled with the fact that the trial court had entered declaratory judgment holding that Auto-Owners was not required to either defend or indemnify K.C.'s in the wrongful death action, left K.C.'s to fend for itself. Auto-Owners' argument, that K.C.'s breached the contract of insurance by not obtaining its consent before entering into a settlement with the estate when it had already obtained a court order declaring that there was no coverage for K.C.'s, is unreasonable. I would affirm the trial court's judgment.