HARTFORD ACCIDENT & INDEMNITY CO., APPELLEE, *v.* ALLSTATE INS. CO., APPELLANT; ET AL., APPELLEES.

288

(No. 398—Decided March 23, 1966.)

*Messrs. Finn, Manahan & Pietrykowski,* for defendant-appellant.

*Mr. William C. Leonard,* for plaintiff-appellee.

*Mr. John W. Gutknecht,* for defendant-appellees Mary F. Rediger, Larry James Rediger and Charles Francis Rediger.

*Mr. Jerry Lee Conine, in propria persona.*

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Putnam County, rendered in a declaratory judgment action seeking the declaration of that court as to which insurance company is required to defend three personal injury actions brought against defendant-appellee Jerry Lee Conine by the defendant-appellees Mary F. Rediger, Larry James Rediger and Charles Francis Rediger, respectively. The facts pertinent to the declaratory judgment action and this appeal were either stipulated by the parties or are undisputed.

It appears that Conine was the owner of a 1959 Chevrolet tractor which, on December 1, 1960, he leased by written instrument for a period of one year to one James R. Smith, d. b. a. James R. Smith Poultry & Produce Company. Among other things the lease provided that the "owner is to maintain equipment in good operating condition with proper safety equipment & supply safe & responsible drivers who will obey Co. rules"; "that the leased equipment * * * is subject to the exclusive control and use of the * * * LESSEE and that the LESSOR and his agents shall follow the instructions and directions of LESSEE concerning operation of said equipment while under this lease"; and that the "LESSOR agrees to * * * maintain the same in good working condition, furnishing all necessary oil, gasoline, tires, and repairs for the operation of said equip-

ment and to pay other expenses incident to such operation," including payment for the services of the driver. In consideration of his agreements Conine was to be paid by Smith "65% of gross receipts from hire of the said equipment."

On June 29, 1961, Conine was dispatched by Smith from Jasper, Alabama, to deliver to Hollansburg, Ohio, a load of dressed poultry carried on a semitrailer owned by Smith. Though the interstate trip was subject to I. C. C. rules with reference to operation, hours of service, inspection, maintenance, etc., the shipment was of exempt commodities and there were no restrictions or requirements by state or federal authority as to routing or permits. Then and at the time of the collision the words, "James R. Smith Co. Poultry-Produce Cullman, Ala.," were painted on both doors of the tractor. Completing his delivery on June 30, 1961, Conine, with the knowledge and consent of Smith, went from Hollansburg, Ohio, to Gilboa, Ohio, to spend the Fourth of July holiday at his home, arriving there on July 1, 1961, and being subject thereafter to instructions by Smith for dispatch after July 4, 1961.

On the morning of July 3, 1961, Conine adjusted the emergency brake on the tractor, greased its differential, washed it, and then, driving the tractor without the semitrailer, set forth for his cousin's home, about one-half mile away, to obtain some grease to smear on the fifth wheel of the tractor. However, while enroute, the tractor collided with an automobile operated by Mary F. Rediger, and the lawsuits aforementioned ensued.

At the time of the collision Conine was the named insured and his tractor the named vehicle in a policy issued by the plaintiff, Hartford Accident & Indemnity Company, purporting to insure him generally against bodily injury liability and property damage liability arising from the operation of the tractor, and Smith was the named insured in a policy issued by the defendant-appellant, Allstate Insurance Company, purporting to insure generally against bodily injury liability and property damage liability.

The policy of each of the companies provided:

"II. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury * * * or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."

Conine's Hartford policy provided, among other things not here pertinent:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability * * * does not apply:

"* * *.

"(c) while the automobile is being used in the business of any person * * * to whom the automobile is rented."

Smith's Allstate Policy provided, among other things not here pertinent:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability * * * applies with respect to all owned and hired automobiles of the commercial type, subject to the following provisions:

"1. Definition of Insured. * * * With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'insured' includes the named insured and also includes any person while using * * * a hired automobile and any person * * * legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person * * * other than the named insured does not apply:

"(a) * * * to any person * * * engaged in the business of transporting property by automobile for the named insured * * * (1) unless the accident occurs while such automobile is being used exclusively in the business of the named insured * * *;

"* * *.

"(d) with respect to any hired automobile, to the owner * * * of such automobile * * * if the accident occurs (1) while such automobile is not being used exclusively in the business of the named insured * * *."

On this state of the record the Common Pleas Court found that at the time of the collision the tractor was being used exclusively in the business of Smith and that the Allstate policy

affords coverage to Conine, and held that Allstate is obliged to defend Conine in the lawsuits filed by the Redigers. From this judgment defendant Allstate appealed claiming error as to each of the findings and as to the holding of the court. Plaintiff, Hartford, filed a cross-appeal claiming that the trial court erred in not holding that Hartford's policy did not afford coverage to Conine in connection with the subject collision. All these assignments of error will be considered together.

Ordinarily, the duty of a liability insurance company to defend an action against its insured is determined from the plaintiff's petition, and when that pleading brings the action within the coverage of the policy the insurer is required to make defense regardless of its ultimate liability to the insured. *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.*, 144 Ohio St. 382; *Lessak* v. *Metropolitan Casualty Ins. Co. of New York*, 168 Ohio St. 153; and *United States Fidelity & Guaranty Co.* v. *Nationwide Mutual Ins. Co.*, 110 Ohio App. 363. We have not been favored in this declaratory judgment action with copies of the respective petitions filed in the damage actions instituted by the Redigers, but it appears that each action was brought solely against Conine, and the only reasonable inference is that the actions sought to hold him personally liable for personal injuries and/or property damage suffered by the respective Redigers arising from his operation of the tractor which he had leased to Smith. In such action Conine could be found personally liable for his own negligence whether he was the servant or agent of Smith, an independent contractor, or whether the tractor was being used in the business of Smith.

In the *Socony-Vacuum Oil Co. case, supra,* Judge Williams said, page 393, "it is axiomatic that a policy which contains a provision that the insurer shall make defense of an action brought to recover damages for which indemnity is payable even though such action may be groundless, *does not require the insurer to defend a* groundless *action which is not within the coverage of the policy.*" (Emphasis added.) As the coverage of each policy here may be determined only by first determining whether the tractor was being used in the business of Smith at the time of the collision, which is a matter not pertinent to the allegation of a cause of action by any of the Redigers against Conine and which would not be properly decided upon

trial of their lawsuits, the respective duties of Hartford and Allstate to defend Conine may not be determined solely by reference to the Redigers' petitions, and it was proper, therefore, for the Common Pleas Court to consider other evidence on this issue.

It is apparent from the provisions of the Hartford policy, hereinbefore quoted, that Conine would not be covered by that policy and Hartford would have no duty to defend him if at the time of the collision the tractor was "being used in the business of" Smith notwithstanding that at the same time it may have been used in the business of Conine.

It is also apparent from the provisions of the Allstate policy, hereinbefore quoted, that Conine would not be covered by the Allstate policy and Allstate would have no duty to defend him unless at the time of the collision the tractor was "being used exclusively in the business of" Smith.

As we regard this case, there being direct evidence as to ownership and use, we need not resort to any presumption or inference which might arise from the fact that Smith's business name was painted on the tractor, *McDougall* v. *Glenn Cartage Co.*, 169 Ohio St. 522, nor any presumption or inference which might arise from Interstate Commerce Commission or state Public Utilities Commission regulations possibly requiring a lease form giving Smith control over the equipment and control and direction over the driver, *Shaver* v. *Shirks Motor Express Corp.*, 163 Ohio St. 484.

In fact, the lease did make the "leased equipment * * * subject to the exclusive control and use of the authorized carrier LESSEE" and provided that "the LESSOR and his agents shall follow the instructions and directions of LESSEE concerning operation of said equipment while under this lease." So, whether Conine was a lessor of equipment, an independent contractor, a servant, or an agent of Smith, Conine and any driver he might furnish to operate the equipment under Smith's control and at his direction were, while doing the things usually required of drivers, or incidental thereto, and while not doing the things required of Conine as lessor, using the tractor exclusively in the business of Smith.

As lessor of the tractor Conine was required to maintain the same in good working condition. As driver of the tractor he

had the duty to haul Smith's trailers wherever directed and to do all things reasonably incidental thereto. At the time of the collision, Conine was on his way to obtain grease to apply to the fifth wheel of the tractor. In Webster's Third New International Dictionary, in its connotation here, "fifth wheel" is defined as "a coupling in the form of two disks rotating on each other for attaching a vehicle body to the front axle so as to support it in turning: a similar coupling between tractor and trailer of a semitrailer."

It is obvious that the "fifth wheel" on a tractor has no function independently of the "fifth wheel" on a semitrailer; and that the tractor will operate mechanically, and be in good working condition, with or without grease on its fifth wheel. Greasing the fifth wheel is not then a part of the maintenance which Conine, as lessor, agreed to perform. On the other hand, to use Smith's semitrailer in combination with Conine's tractor it was necessary that there be grease between the disk of the fifth wheel attached to Conine's tractor and the matching disk, or plate, thereof attached to Smith's semitrailer. Except for practical inconvenience, this grease could as well have been applied to the latter as it could have been applied to the former. It was fully within the scope of and incidental to a *driver's* duties for him to see that grease is applied to one disk or the other before a tractor and semitrailer are assembled together. That being the case, such operation was exclusively in the business of Smith who had the right of exclusive control over the equipment, both tractor and semitrailer, and whose instructions and directions the driver was required to follow.

We must conclude, as did the Common Pleas Court, in its judgment, that at the time of the collision the tractor was being used exclusively in the business of Smith, and that the Allstate policy afforded coverage to Conine, including the obligation to defend him in the Rediger lawsuits. We modify that judgment, however, by finding and adjudging that the Hartford policy did not afford coverage to Conine for this collision, and that Hartford is under no obligation to defend Conine. As so modified, the judgment is affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.