Ronald F. BURGER et al., Plaintiffs-Appellants,

v.

CONTINENTAL NATIONAL AMERICAN GROUP, Defendant-Appellee.

No. 20637.

United States Court of Appeals,
Sixth Circuit.

April 14, 1971.

Wilbur C. Jacobs, Toledo, Ohio, for plaintiff-appellants; Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on brief.

John R. Eastman, Toledo, Ohio, for defendant-appellee; Morton Bobowick, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, on brief.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This is an action for attorneys' fees. The suit was brought by Ronald F. Burger (Burger), a tractor-trailer driver; P & P Transportation Co. (P & P), a truck leasing enterprise by whom Burger was employed; and Nationwide Mutual Liability Insurance Company (Nationwide), P & P's insurer and the real party in interest among the plaintiffs. The defendant is Continental National American Group (Continental), the insurer of Nor-

walk Truck Lines, Inc. (Norwalk). Norwalk is not a party to this suit.

The present suit arises as a consequence of an earlier wrongful death action filed against Burger and P & P by Kathryn Eisenhauer, the executrix of one Frank Eisenhauer. The deceased had been an employee of Norwalk, and he was fatally injured while on Norwalk's premises in an accident involving a truck driven by Burger.

Shortly after the wrongful death action was filed, Nationwide called on Continental to defend the suit and Continental refused. Nationwide claimed that even though the wrongful death suit was nominally against Burger and P & P, the real party in interest was Norwalk since Burger was actually the agent of Norwalk at the time of the accident. Both Norwalk and Continental responded that, as a practical matter, there was no way Norwalk could be liable in the wrongful death suit since if Burger was found to be the agent of Norwalk, Norwalk and Burger immediately would become immune to liability under the "fellow servant" rule, codified in Ohio at § 4123.741, Ohio Revised Code.

Plaintiffs then filed a declaratory judgment action praying that the court "declare which company owes a duty of defense to Burger or P & P Transportation, Inc. in the pending action and which company owes a duty to pay any settlement or judgment that may be rendered. * * * *"

The declaratory judgment action remained dormant. Nationwide, on behalf of its insured, proceeded with the defense of the wrongful death action. During the course of that defense, Nationwide moved for summary judgment on the basis that at the time of the accident Burger was the agent of Norwalk, a fellow servant of Eisenhauer and thus immune to liability under the applicable Ohio Code section. The District Court denied the motion for summary judgment, and ruled as a matter of law that Burger was the employee (agent) of P & P at the time of the accident. That case was then tried solely on the issues of negligence and contributory negligence.

A jury verdict was rendered in the wrongful death case in favor of Burger and P & P, and that decision has been affirmed on appeal to this court, Eisenhauer v. Burger, 431 F.2d 833 (6th Cir.).

Prior to the decision of this court in the wrongful death appeal, plaintiffs requested and were granted leave to file a supplemental complaint in the declaratory judgment action. That complaint prayed for damages in an amount equal to the attorneys' fees incurred in defending the wrongful death action. The District Court granted Continental's motion for summary judgment with respect to the supplemental complaint and dismissed the declaratory judgment action.

We affirm.

This is a diversity of citizenship case and under Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, State law is to be applied. The applicable State law in this instance is that of Ohio.

■ The outcome of this case depends on who had the duty to defend the wrongful death action prosecuted by Eisenhauer. The policy written by Nationwide provides that Nationwide had the duty to defend its insured, "even if such suit is groundless, false or fraudulent." Under Ohio law, an insurer's duty to defend is determined initially by reference to the injured party's petition. Lessak v. Metropolitan Casualty Ins. Co., 168 Ohio St. 153, 151 N.E.2d 730; Socony-Vacuum Oil Co. v. Continental Casualty Co., 144 Ohio St. 382, 59 N.E.2d 199; Bloom-Rosenblum-Kline Co. v. Union Indemnity Co., 121 Ohio St. 220, 167 N.E. 884; Pennsylvania R. R. Co. v. Travelers Ins. Co., 226 F.2d 520 (6th Cir.).

■ If it is clear from the petition that there is no potential liability that falls within the coverage of the policy written by the insurer, then the insurer is not required to defend the action. Conversely, if the petition states a claim that is covered by the insurance policy,

the insurer is required to defend the case regardless of its ultimate liability to the insured.

 We recognize that the cases cited above all deal with the obligation of an insurer vis-à-vis its insured, and not the situation before this court in which the obligation of an insurer vis-à-vis another insurer is contested. However, we conclude that under the cases cited above, even in the latter situation when the petition of the injured party makes it clear as to which insurer has the duty to defend, the Ohio courts would not look beyond the petition to decide the matter.

Nationwide relies heavily on the case of Hartford Accident & Indemnity Co. v. Allstate Ins. Co., 5 Ohio App.2d 287, 215 N.E.2d 416. That case held it to be proper, in a declaratory judgment action, "for the court to consider evidence other than the petitions in determining the respective obligations of the insurers."

The posture of the parties in the *Hartford* case was quite similar to that of the parties before us. However, that decision was bottomed on the fact that "neither the allegations of [the] petition nor the proof of [the] causes of action will demonstrate which of the two insurers * * * is obligated to defend [the] actions * * *." 5 Ohio App.2d at 287, 215 N.E.2d 416.

 In the present case, the allegations of the petition of the wrongful death case and the proof of Eisenhauer's cause of action both point directly to an obligation on the part of Nationwide to defend the wrongful death suit. In fact, it was essential for Eisenhauer's claim that Burger *not* be considered an agent of Norwalk and in recognition of that fact, Eisenhauer's attorney made sure that the petition pointed directly to the existence of an agency relationship between Burger and P & P, not between Burger and Norwalk.[1]

It was proper for Burger and P & P to argue that Burger was not P & P's employee at the time of the accident but was an employee of Norwalk. However, this was a defense. If established, that fact would relieve P & P from vicarious liability. It would further give Burger the immunity of § 4123.741, Ohio Revised Code. Nationwide, as insurer, had the duty to defend on this ground. However, the issue of whether Burger was an employee of P & P or Norwalk at the time of the accident is immaterial to the duty created in Nationwide's policy to defend all suits, whether "groundless, false or fraudulent." He was claimed to be working for P & P at the time. Continental should not be expected to defend a suit to which its insured was not and never would be made a party.

We agree with the District Court that this was a claim stated within Nationwide's coverage, and it was the obligation of Nationwide to defend the suit.

The judgment of the District Court is affirmed.

---

1. In her petition, Eisenhauer alleged that Burger:

"  * * *  was an agent-employee of the defendant corporation (P. & P. Transport, Inc.) and at all times mentioned herein-after he was acting within the course and scope of his employment with defendant corporation and acting in furtherance of the business of the defendant corporation."