**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James DANIELS, Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James DANIELS, Defendant–Appellant.**

**Nos. 91–5711, 92–6016.**

United States Court of Appeals,
Fourth Circuit.

Argued July 8, 1992.

Decided Aug. 17, 1992.

As Amended Sept. 10, 1992.

OPINION

WILKINS, Circuit Judge:

James Daniels was convicted of possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, 26 U.S.C.A. § 5861(d) (West 1989), and of transferring a firearm in violation of the provisions of 26 U.S.C.A. § 5812(a) (West 1989), 26 U.S.C.A. § 5861(e) (West 1989). Daniels principally contends that this latter conviction must be reversed due to the insufficiency of his indictment. Agreeing that the indictment failed to charge each of the elements of the offense, we reverse Daniels' conviction under § 5861(e). We find no merit in Daniels' remaining allegations of error and, therefore, affirm his conviction under § 5861(d). Consequently, we remand for proceedings consistent with this opinion.

I.

In April 1991, a federal grand jury returned a two-count indictment against Daniels arising out of his possession of a sawed-off shotgun and his transfer of this weapon to an acquaintance. Count Two of the indictment provided:

That on or about October 8, 1990, near Roderfield, McDowell County, and within the Southern District of West Virginia, the defendant JAMES DANIELS, knowingly did transfer a Harrington & Richardson, .12–gauge single-shot shotgun, Model 158, serial number AN254602, with a barrel length of 18 inches and an overall length of 24½ inches, a firearm as defined by Title 26, United States Code, Section 5845(a)(2), to an individual known as Tina Green, in violation of Title 26, United States Code, Sections 5861(e) and 5871.

Eleven days prior to trial Daniels moved to dismiss Count Two based on the insufficiency of the indictment. The district court declined to dismiss, but permitted the Government to amend the language of this count to add a reference to § 5812 [1] follow-

Edward Henry Weis, Asst. Federal Public Defender, Charleston, W.Va., argued (Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Asst. Federal Public Defender, on the brief), for defendant-appellant.

William Joseph Powell, Asst. U.S. Atty., Charleston, W.Va., argued (Michael W. Carey, U.S. Atty., on the brief), for plaintiff-appellee.

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

1. 26 U.S.C.A. § 5812(a) provides that a firearm must not be transferred unless the transferor

ing the reference to § 5861(e). The amended indictment read "in violation of Title 26, United States Code, Sections 5861(e), 5812, and 5871." The Government, however, did not seek, and consequently the grand jury did not return, a superseding indictment containing this amendment. Daniels proceeded to trial and was convicted on both counts.

## II.

### A.

■ The Fifth Amendment guarantees that an individual cannot be prosecuted for a capital or infamous offense except on presentment or indictment of a grand jury. U.S. Const. amend. V. In addition, the Sixth Amendment requires that a defendant must "be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI. The criteria against which the sufficiency of an indictment is judged reflect these guarantees. *See Russell v. United States*, 369 U.S. 749, 760–64, 82 S.Ct. 1038, 1045–47, 8 L.Ed.2d 240 (1962); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir.1988) (en banc). An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense. *Russell*, 369 U.S. at 763–64, 82 S.Ct. at 1046–47; *Hooker*, 841 F.2d at 1227. Daniels does not contend that he lacked sufficient notice of the charges against him or that the indictment was inadequate to permit him to raise double jeopardy as a defense in a subsequent proceeding. Rather, Daniels maintains that the indictment fails because it does not charge each of the essential elements of the offense.

■ This court, sitting en banc, has left no room for doubt as to the law in this circuit concerning the requirements of a constitutionally adequate indictment. Every essential element of an offense must be charged in the body of an indictment, and the inclusion of a reference to the statute

will not cure the failure to do so. *Hooker*, 841 F.2d at 1227–28; *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir.) (en banc), *cert. denied*, 488 U.S. 842, 109 S.Ct. 113, 102 L.Ed.2d 87 (1988). "[A] statutory citation does not ensure that the grand jury has considered and found all essential elements of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless on indictment of a grand jury." *Pupo*, 841 F.2d at 1239.

### B.

■ Before turning to an application of these legal principles, we must determine which indictment we must review. The Fifth Amendment guarantees that the grand jury consider and find all of the elements of the offense. *Hooker*, 841 F.2d at 1230. Thus, the Government cannot cure through subsequent amendment an indictment presented by the grand jury that fails to allege each essential element because there is no assurance that the grand jury considered and found each essential element. *See Stirone v. United States*, 361 U.S. 212, 215–17, 80 S.Ct. 270, 272–73, 4 L.Ed.2d 252 (1960); *Hooker*, 841 F.2d at 1230. Therefore, we conclude that the sufficiency of the original indictment returned by the grand jury is that which we must review to determine whether the indictment passes muster under the Fifth Amendment, not the indictment amended to include reference to § 5812.

### C.

■ Count Two of the original indictment returned by the grand jury charged Daniels with a "violation of Title 26, United States Code, Sections 5861(e) and 5871." Section 5861(e) makes it unlawful for any person "to transfer a firearm in violation of the provisions of this chapter," *i.e.*, Title 26, Chapter 53 regulating machine guns, destructive devices, and firearms. 26 U.S.C.A. § 5861(e). The provision of Chapter 53 that the Government maintained

makes an appropriate application to and receives permission for the transfer from the Secretary of the Treasury and pays any applicable tax.

Daniels violated, § 5812(a), provides in pertinent part:

A firearm shall not be transferred unless (1) the transferor of the firearm has filed with the Secretary a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary; (2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form; ... and (6) the application form shows that the Secretary has approved the transfer and the registration of the firearm to the transferee.

26 U.S.C.A. § 5812(a). The remaining section referenced in the indictment, § 5871, is merely a penalty provision stating that "[a]ny person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both." 26 U.S.C.A. § 5871 (West 1989).

The essential elements of a violation of § 5861(e) are: 1) the knowing transfer; 2) of a firearm; 3) "in violation of the provisions of this chapter," *i.e.*, Title 26, Chapter 53. *See United States v. Garrett*, 583 F.2d 1381, 1387–89 (5th Cir.1978). Because the transfer of a firearm must violate other provisions of Title 26, Chapter 53 in order to violate § 5861(e), this element " 'is necessary to establish the very illegality of the behavior and' " is, therefore, an essential element of the offense. *Hooker*, 841 F.2d at 1231 (quoting *United States v. Cina*, 699 F.2d 853, 859 (7th Cir.), *cert. denied*, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983)).

Although the indictment returned by the grand jury properly charged Daniels with the knowing transfer of a firearm, it utterly failed to charge that Daniels had accomplished this transfer in violation of the provisions of Title 26, Chapter 53, except by

reference to § 5861(e). As we have held, the mere citation to the statute of which the defendant is charged with violating is insufficient to cure the failure of the indictment to charge each essential element of the offense because the citation alone does not insure that the grand jury considered and found each of these elements. *Pupo*, 841 F.2d at 1239. Thus, Count Two of the indictment was fatally defective because it failed to specifically include every essential element of the charged offense.

An argument could be made that because an indictment that tracks the language of a statute is generally adequate to charge the elements of an offense, Count Two of Daniels' indictment would have been sufficient if it had charged that Daniels' transfer of the sawed-off shotgun had been made "in violation of the provisions of this chapter." *See United States v. Mayo*, 705 F.2d 62, 78 (2d Cir.1983) (holding that an indictment tracking the language of this statute and specifying the time and place of the illegal transfer is sufficient). Similarly, the Government argues that the citation to § 5812 in the amended indictment properly charged the provisions of Chapter 53 that it contended Daniels had violated. However, because the indictment at issue here, the only one returned by the grand jury, neither tracked the statutory language, *i.e.*, "in violation of the provisions of this chapter," nor cited the actual sections of Chapter 53 that the Government maintained Daniels had violated, we need not address whether the indictment would have been adequate if it had tracked the statutory language, or had charged that Daniels transferred the sawed-off shotgun in violation of 26 U.S.C.A. § 5812.[2]

■ Inasmuch as Daniels raised a timely objection to the sufficiency of the indictment, an absence of prejudice is irrelevant. *See Hooker*, 841 F.2d at 1232. While the reversal of Daniels' conviction under Count

2. We emphasize that in charging a violation of § 5861(e) the better practice is to track the statutory language, reference the provisions of Title 26, Chapter 53 allegedly violated, and set forth how the defendant's actions violated these provisions. While tracking the statutory language, thereby including all of the elements of

the offense, produces an indictment that suffices for purposes of the Fifth Amendment, the inclusion of references to those provisions of Chapter 53 which the defendant allegedly has violated prevents questions from arising as to the sufficiency of the notice provided to the defendant.

Two of the indictment based on a defect in the indictment may appear hypertechnical, especially in light of Daniels' concession that he had adequate notice of the charges against him and the fact that Daniels received a fair trial, this result is mandated by the prior controlling decisions of this court in *Hooker* and *Pupo.* Consequently, we reverse Daniels' conviction under 26 U.S.C.A. § 5861(e).

### III.

The offense level applicable to each of the two counts of which Daniels was convicted was 16. *See* United States Sentencing Commission, *Guidelines Manual*, §§ 2K2.1(a)(1), 2K2.2(a)(1) (Nov.1989). The operation of the grouping rules also produced a combined offense level of 16. *See* U.S.S.G. Ch. 3, Pt.D. Combined with Daniels' Criminal History Category I, the resulting guideline range was 21–27 months imprisonment. The district court, in an exercise of its discretion, declined to depart and imposed a sentence of 21 months imprisonment, the minimum sentence available. Because Daniels' offense level was the same for either offense, as well as the combined offenses, and because he received the lowest sentence that the district court could have imposed, we need not remand for resentencing.

### IV.

In sum, we hold that the district court erred in denying Daniels' motion to dismiss Count Two of the indictment. We, therefore, reverse and remand with instructions to the district court to enter judgment dismissing this count without prejudice. We have reviewed Daniels' remaining allegations of error and find them to be without merit. Consequently, we affirm Daniels' conviction for possessing an unregistered firearm and the sentence imposed by the district court.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.