**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 92-7644
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONALD WADE THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(February 16, 1994)

Before POLITZ, Chief Judge, REAVLEY, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The Defendant, Donald Wade Thomas, was convicted by a jury of (1) possessing pipe bombs that were not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d) (1988); (2) transferring pipe bombs, in violation of 26 U.S.C. §§ 5812, 5861(e) and 5871; (3) possessing pipe bombs which were not identified by serial numbers, in violation of 26 U.S.C. § 5861(i); and (4) conspiring to commit all of the foregoing substantive offenses.[1]  Thomas appeals, contending that (a) his conviction is fundamentally unfair, and therefore violates his right to due process of law, because he is being punished for

_____

[1]    The district court sentenced Thomas to 63 months imprisonment.

failing to register pipe bombs which the Bureau of Alcohol, Tobacco and Firearms ("ATF") will not permit to be registered; and (2) the evidence is insufficient to support his conviction because the government failed to prove that the ATF would have registered the pipe bombs. Finding no reversible error, we affirm.

**I**

Thomas contends that his conviction is fundamentally unfair because he is being punished for failing to register, and obtain serial numbers for, the pipe bombs which he possessed and transferred, when the ATF will not register pipe bombs.[2] In arguing that the ATF will not permit registration, Thomas relies exclusively on the testimony at trial of the government's explosives expert. Agent Waskom was employed as an explosive enforcement officer for the Explosive Technology Branch of the ATF. It was his responsibility in that position to "provide technical support and assistance with regard to the coordination and administration of the federal explosive laws." Waskom examined, took apart, and exploded several of Thomas's pipe bombs before testifying, and his testimony primarily concerned the construction and function of those bombs. However, Waskom was asked on direct

---

[2] *Cf. United States v. Dalton*, 960 F.2d 121, 124 (10th Cir. 1992) (vacating unregistered firearm conviction on due process grounds, where "[i]t [was] undisputed that the government [would] not permit the registration of" the weapon in question) ("Because the crimes of which Dalton was convicted . . . have as an essential element his failure to do an act that he is incapable of performing, his fundamental fairness argument is persuasive.").

examination, "do you know of any case where a pipe bomb has been granted a serial number?"  Waskom replied, "None whatsoever."

Thomas moved for a judgment of acquittal before the district court, arguing (as he does on appeal) that Waskom's aforementioned testimony indicates that the ATF will not register pipe bombs such as the ones he possessed, and that his conviction for failure to register those bombs is therefore fundamentally unfair and violative of his right to due process.  The district court denied Thomas's motion, refusing to find that the ATF would not register the pipe bombs, since no evidence supported such a finding.[3]

We review the district court's factual determination for clear error.[4]  We will not find a district court's ruling to be clearly

---

[3]      The district court's order denying the motion for judgment of acquittal stated:

> Defendant argues that he is factually if not statutorily prohibited from registering plastic pipe bombs. Defendant points to the testimony of Alcohol, Tobacco, and Firearms ("ATF") Special Agent Tom Waskom to support [his] argument. . . .
>
>      The Court disagrees. . . . This Court did not receive evidence regarding ATF licensing procedures and declines to make the finding requested by defendant[].

Record on Appeal, vol. 1, at 74-75.

[4]      *See United States v. Deshaw,* 974 F.2d 667, 669 (5th Cir. 1992) ("On appeal the district court's denial of a motion to dismiss the indictment on the ground of double jeopardy is reviewed *de novo*. We accept the underlying factual findings of the district court unless clearly erroneous." (footnote omitted) (citing *United States v. Weeks,* 870 F.2d 267, 269 (5th Cir.), *cert. denied,* 493 U.S. 827, 110 S. Ct. 92, 107 L. Ed. 2d 57 (1989)); *United States v. Luttrell,* 609 F.2d 1190, 1192 (5th Cir. 1980) (upholding denial of defendant's motion to dismiss indictment, where district court's finding that prosecutor did not engage in misconduct was not clearly erroneous); *United States v. Cathey,* 591 F.2d 268, 272 (5th Cir. 1979) (holding that criminal defendant was not entitled to dismissal of indictment because district court did not commit clear

erroneous unless we are left with the definite and firm conviction that a mistake has been committed. *United States v. Mitchell,* 964 F.2d 454, 457-58 (5th Cir. 1992). We find no such error here. Waskom's testimony does not indicate that he was qualified to discuss the ATF's registration policies, and he did not comment on those policies. Waskom merely testified that he was not aware of an instance where a serial number had been granted for a pipe bomb. Waskom did not testify that, as a matter of policy, the ATF never registers pipe bombs, and nothing in the record required the district court to draw that inference from Waskom's statement. Therefore, the district court's refusal to construe Waskom's statement as a statement that the ATF will not register pipe bombs was not clearly erroneous, and Thomas's argument is without merit.

**II**

Thomas also claims that the evidence is insufficient to support his conviction because the government failed to prove that the pipe bombs which he possessed and transferred were registerable with the ATF. This claim is without merit because Thomas has failed to show that registrability of the weapons is an element of any of the offenses of which he was convicted.

26 U.S.C. § 5861(d) makes it an offense "to receive or possess a firearm which is not registered . . . in the National Firearms Registration and Transfer Record." *Id.* On its face, § 5861(d) does not require that the firearm be registerable with the ATF.

---

error in finding that "there was no evidence that [government witness] `deliberately attempted to mislead'" the grand jury which returned the indictment).

*See id.* Furthermore, we have stated that the statute "requires only that the transferee not receive or possess unregistered firearms." *United States v. Sedigh,* 658 F.2d 1010, 1012 (5th Cir. 1981) (citing 26 U.S.C. § 5861(d)), *cert. denied,* 455 U.S. 921, 102 S. Ct. 1279, 71 L. Ed. 2d 462 (1982).[5]

26 U.S.C. § 5861(i) makes it unlawful "to receive or possess a firearm which is not identified by a serial number as required by" Chapter 53 of the Internal Revenue Code.[6] By its terms § 5861(i) plainly does not require the government to prove that the firearm is one for which a serial number would be granted. Neither do judicial decisions applying § 5861(i) indicate that the government is required to prove that a serial number would be issued for the weapon in question. *See, e.g., United States v. Stout,* 667 F.2d 1347, 1353 (11th Cir. 1982) (holding that "the government . . . undeniably bore its burden as to the essential elements of 26 U.S.C. § 5861(i)" where the evidence showed that "the silencers, made by defendants and in defendants' possession at

---

[5] See also U.S. Fifth Circuit District Judges Association, *Pattern Jury Instructions,* Instr. 2.87 (West 1990), the pattern jury instruction for § 5861(d). That instruction requires the jury to find that the defendant possessed an unregistered firearm. *See id.* It does not require a finding that the firearm could have been registered. *See id.*

[6] 26 U.S.C. § 5861(i); *see id.* § 5842 ("Any firearm classified as a destructive device [such as a pipe bomb] shall be identified in such manner as the Secretary may by regulations prescribe."); 27 C.F.R. § 179.102 (stating that firearms shall be identified by serial number, provided that the Secretary may approve other means of identification for destructive devices, upon application).

the time of their arrest, were not stamped with any identifying markings").

26 U.S.C. § 5861(e) makes it an offense to transfer a firearm in violation of the provisions of" Chapter 53 of the Internal Revenue Code.  In *United States v. Garrett,* 583 F.2d 1381 (5th Cir. 1978), we held that a violation of § 5861(e) was established where a firearm was transferred either (1) without the payment of the transfer tax required by 26 U.S.C. § 5811, or (2) without the filing of a transfer application in conformity with 26 U.S.C. § 5812.  *See id.* at 1388.  We did not interpret § 5861(e) to require a showing that the weapon in question could have been registered or issued a serial number.

In summary, we are not aware of any cases which hold that registrability is an essential element of any of the offenses of which Thomas was convicted.  Neither does Thomas offer any authority for his claim that the government was required to prove registrability.  Thomas merely states that "his conviction is based on insufficient evidence as to the issue of whether the devices in question are in fact registerable, [and] as *United States v. Daniels,* [973 F.2d 272 (4th Cir. 1992), *cert. denied,* ___ U.S. ___, 113 S. Ct. 1064, 122 L. Ed. 2d 369 (1993)] points out, this is an essential element of the offense of which he was charged." Contrary to this assertion, *Daniels* provides no support for the proposition that the government must prove that pipe bombs are registerable with the ATF to convict a defendant for their possession and transfer.  *Daniels* holds that the essential elements

-6-

of a violation of 26 U.S.C. § 5861(e) are (1) the knowing transfer; (2) of a firearm; (3) in violation of the provisions of Chapter 53 of Title 26. *Id.* at 275. *Daniels* does not address the registration and serial number requirements at issue here, and certainly does not hold that registrability is an essential element of any of the offenses of which Thomas was convicted. We therefore are not persuaded that registrability is an essential element of any of the offenses of which Thomas was convicted, and his sufficiency argument fails.

**III**

For the foregoing reasons, we **AFFIRM.**