**BENJAMIN SOLDIEW, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

District Court Crim. App. No. 1992-108

Territorial Court Crim. No. F178/1991

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 18, 1994

KWAME MOTILEWA, ESQ., (MOTILEWA & PERCELL), St. Thomas, U.S.V.I., *for Appellant*

DEANA BOLLING, ESQ., Asst. Atty. General, (V.I. Department of Justice), St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge,* District Court of the Virgin Islands; GILES, *District Court Judge* for the Eastern District of Pennsylvania, Sitting by Designation; BRADY, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Sitting by Designation.

## OPINION OF THE COURT

The appellant contends that his conviction for unauthorized possession of a firearm was wrongfully obtained because: (1) the Information was legally insufficient; (2) the judge's instructions to the jury were faulty; and (3) the trial judge wrongfully denied appellant's motion to suppress the firearm. For the reasons set forth below, this Court will reverse the judgment below.

## FACTUAL BACKGROUND

On July 7, 1991, Benjamin Soldiew, appellant, Cedric Rouse and Desmond Bryan were driving on Nadir road in a Mazda belonging to, and driven by, appellant. They were stopped by police officers who observed the car passing several others in a no passing zone. One officer alleges that he saw some kind of "activity" between the driver and the front seat passenger and then saw the passenger bend forward momentarily. All three occupants of the car were ordered out and requested to stand by the police vehicle, which was parked about five feet behind the Mazda. While one officer wrote out a ticket for the traffic violation, the other officer approached the

Mazda and shone a flashlight under the front passenger seat, where he observed a handgun. Appellant and the front seat passenger, Rouse, were arrested, and the back seat passenger was released after it was confirmed that he had merely gotten a ride from the others.

Appellant and Rouse were charged in a single Information dated July 16, 1991 with the unlawful transportation of a firearm, pursuant to Title 14, Section 2253(a) of the Virgin Islands Code, which reads in part:

> Whoever, unless authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person or under his control in any vehicle of any description any firearm . . . loaded or unloaded, may be arrested without a warrant . . . .

On November 6, 1991, the trial court held a suppression hearing in response to motions filed by the defendants and denied both defendants' motions. The court later granted Rouse's motion for judgment of acquittal, concluding that there was insufficient evidence upon which a jury could reasonably find him guilty of transporting a firearm. Appellant's case was submitted to the jury on May 21 and 22, 1992, and the jury returned a verdict of guilty. Judgment was entered against appellant on July 22, 1992.

## DISCUSSION

### The legal sufficiency of the indictment

■ For an Information to be valid it must contain the elements of the offense charged, it must fairly inform the defendant of the charge, and must allow him or her to plead double jeopardy as a defense to future prosecution of the same offense. United States v. Shirk, 981 F.2d 1382 (3d Cir. 1992); United States v. Daniels, 973 F.2d 272 (4th Cir. 1992).

Count II of the appellant's Information reads:

> On or about July 7, 1991, in St. Thomas, Virgin Islands BENJAMIN SOLDIEW residing at 26 G Lindbergh Bay, St. Thomas, Virgin Islands did without authority of law did transport in a vehicle a firearm either loaded or unloaded either openly or concealed. . . .

■ Appellant contends that the Information is legally insufficient because it fails to include the statutory phrase "on or about

114

his person or under his control." However, this Information meets all of the criteria required by United States v. Shirk, 981 F.2d at 1382. The trial judge instructed the jury that the elements of this crime were: 1) the place and date; 2) that the defendant possessed the firearm in the vehicle; and 3) that the possession was not authorized by law. The phrase alleged by appellant to render his Information fatally defective is not a material element, but rather is merely a further description of the manner in which a defendant might carry or transport a firearm.

■ Furthermore, even if the absence of this phrase did render the Information insufficient, appellant has not raised this issue in a timely manner. Rule 12(b) of the Federal Rules of Criminal Procedure requires any objection based on the insufficiency of a pleading to be raised prior to trial. United States v. Laverick, 348 F.2d 708 (3d Cir. 1965). Since appellant did not do so, this defense is considered waived.

### The trial court's instruction on constructive possession

■ Jury instructions are normally reviewed under a standard of abuse of discretion. Savarese v. Agress, 883 F.2d 1194 (3d Cir. 1989). The appellate court must determine whether the instructions given accurately reflect the law and whether the charge accurately and fairly submits the issues to the jury without misleading or confusing it.

■ The appellant asserts that the trial court erred in instructing the jury on constructive possession of a firearm under Title 14, section 2253(a) of the Virgin Islands Code. Appellant's principal authority for this contention is Government of the Virgin Islands v. Etienne, 810 F. Supp. 659 (D.V.I. 1992), which concluded that it was error as a matter of law for the trial court to charge both constructive and actual possession. Id. at 664. However, Etienne was expressly overturned by the third circuit. United States v. Xavier, 2 F.3d 1281 (3d Cir. 1993). In Xavier, the court held that "[i]f we were to interpret 'under his control' to mean only actual possession, we would render the phrase superfluous because the statute separately proscribes actual possession, either open or concealed." Id. at 1289. Thus, the trial court did not err in instructing the jury on constructive possession.

115

## Denial of appellant's motion to suppress

The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. In most cases, the police are required to obtain a warrant before conducting a search. An exception has been made for the search of automobiles in which the police have probable cause to believe that there is contraband or evidence of a crime. Carroll v. United States, 267 U.S. 132 (1924). A lower standard, that of "reasonable suspicion" is applied only if the officers have a reasonable belief that their safety is threatened. Terry v. Ohio, 392 U.S. 1 (1968). Stopping a car for violation of a traffic offense does not, by itself, give the police authority to search the vehicle. United States v. Lott, 870 F.2d 778 (1st Cir. 1989). Rather, the police must be able to articulate specific facts from which they reasonably believed the individuals were armed and dangerous and that any weapons were accessible to the defendant. Michigan v. Long, 463 U.S. 1032 (1983). Alternatively, an exception has been made to the warrant requirement when contraband is lying in "plain view" of the police, provided that they are legitimately there in the first place. Horton v. California, 496 U.S. 128 (1990).

There is no question here that the Mazda being driven by the appellant was legitimately stopped. The next query, therefore, is whether the police needed a warrant to look into the vehicle or whether this search fell within an exception to the warrant requirement, e.g., where contraband or other evidence in a vehicle is in "plain view." Although neither party addressed this issue in its brief, nor the trial court in its denial of suppression, the Government conceded at argument that the gun was not lying in plain view and that there was, in fact, a search of the vehicle. The next issue to be addressed, therefore, is whether the police were justified in searching the vehicle.

The Government argues that the police had a reasonable fear for their safety because of supposedly suspicious movements of the defendants once they stopped the car, particularly that of the passenger bending over. They argue that the search was therefore valid under Michigan v. Long, 463 U.S. at 1032, which extended the frisks allowed by Terry v. Ohio to automobile searches. This argument seems to be belied, however, by the fact that the officers did not treat the defendants as though they posed any danger. They did not frisk the defendants when they got out of the car. Instead,

116

one officer stood with them while he wrote out a ticket for the traffic violation, while the other officer searched the car. This evidence does not demonstrate a belief that the police considered the defendants to be armed and dangerous.

Under Carroll, a car cannot be stopped and searched without a warrant unless there is probable cause to believe that contraband is being transported. Carroll does not authorize the police simply to stop a car for a traffic violation and then search it. The officers in this case did not articulate an objectively reasonable basis to believe when they stopped the car that it contained contraband of any kind. The activity witnessed by Officer Bellot could not reasonably give rise to a legal search; there are, after all, many legitimate reasons for a passenger in a car to lean forward.

The pertinent question is whether the officers had a legal basis for the search at the time it was conducted—not whether subsequent findings appear to justify the search. From this record, and based on the concessions made by the Government on appeal,[1] we cannot find that the police had probable cause to search the car for contraband nor that the police officers articulated a reasonable basis for their belief that the appellant was armed and dangerous. Therefore, the search of the automobile was illegal, and the gun found during that search should have been suppressed.

■ This finding requires reversal of the conviction. Upon a finding of constitutional error, an appellate court may affirm a conviction if the error is found to be harmless. See 28 U.S.C. § 2111. The improper admission of evidence is subject to a harmless error analysis. To find an error harmless, the appellate court must determine beyond a reasonable doubt that the error did not contribute to the verdict. Chapman v. California, 386 U.S. 18 (1967). In this case, admission of the gun was not harmless. In fact, it was the primary evidence relied upon by the jury for its verdict. As such, its improper admission requires reversal of the appellant's judgment of conviction and this matter is remanded to the Territorial Court for a new trial. An appropriate order will be entered.

---

[1] It appears that the record might support a finding that the gun was in plain view. In light of the Government's concession that the gun was not in plain view, we do not reach the question whether the record would support upholding the search on the basis of the plain view exception.

## ORDER

AND NOW, this 18th day of May, 1994, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Judgment dated July 22, 1992 is REVERSED, appellant Benjamin Soldiew's conviction is VACATED, and this matter is REMANDED for a new trial.