**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4481

JOHN DANIEL LEASURE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 96-4516

JOHN DANIEL LEASURE,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
John A. MacKenzie, Senior District Judge.
(CR-95-54)

Submitted: March 11, 1997

Decided: March 27, 1997

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

No. 96-4481 affirmed and No. 96-4516 vacated and remanded for
resentencing by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen P. Halbrook, Fairfax, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John LeaSure was found guilty following a bench trial of one count of possessing firearms not identified by a serial number. See 26 U.S.C.A. § 5861(i) (West 1989). On appeal, LeaSure asserts that his conviction should be reversed because (1) the indictment failed to state all of the elements of the offense and (2) the evidence was insufficient to support his conviction. The Government cross-appeals, asserting that the district court abused its discretion by departing downward from the Sentencing Guidelines. We affirm LeaSure's convictions, but remand for resentencing.

LeaSure was a federally licensed dealer and manufacturer of firearms specializing in the manufacture and sale of silencers. His primary clients were the United States Government and foreign governments, whom he sold silencers to with the authorization of the United States. Nothing in the record suggests that LeaSure's firearms business served as a front for illegal activities. During a routine compliance inspection, several discrepancies were discovered in LeaSure's inventory and record keeping procedures. Investigators, accompanied by field agents of the Bureau of Alcohol, Tobacco, and Firearms (BATF), returned to LeaSure's business approximately three days later and executed a search warrant, seizing numerous firearms, including silencers.

2

LeaSure was indicted for "knowingly and unlawfully possess[ing] nineteen (19) firearm silencers . . . which were not identified by serial number . . . [i]n violation of [26 U.S.C.A.§ 5861(i)]." (J.A. at 8-9.) Under the statute, it is unlawful for any person to"possess a firearm which is not identified by a serial number as required by this chapter." 26 U.S.C.A. § 5861(i). Relying on our decision in United States v. Daniels, 973 F.2d 272 (4th Cir. 1992), cert. denied, 506 U.S. 1086 (1993), LeaSure asserts that the failure to include in the indictment the phrase "as required by this chapter," or to identify the provisions implicated by the phrase, rendered the indictment invalid because the phrase (and the implicated provisions) constitute essential elements of the offense. Specifically, LeaSure asserts that the indictment should have referred to 26 U.S.C.A. § 5842 (West 1989), which specifies the requirements for serial number identification under the statute.*

Objections based on defects in the indictment must be raised prior to trial. See Fed. R. Crim. P. 12(b)(2). Since LeaSure failed to object to the language in the indictment prior to trial, we review his conviction for plain error under Federal Rule of Criminal Procedure 52(b). See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996); United States v. David, 83 F.3d 638, 640, 641 (4th Cir. 1996). Rule 52(b) contains three elements that must be satisfied before an appellate court may notice an error not preserved by a timely objection. First, the asserted

_____

*Specifically, § 5842 provides:

> (a) Identification of firearms other than destructive devices. -- Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the Secretary may by regulations prescribe.

> (b) Firearms without serial number.-- Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the Secretary and any other information the Secretary may by regulations prescribe.

26 U.S.C.A. § 5842 (West 1989).

3

defect in the trial proceedings must, in fact, be error; second, the error must be plain; and third, it must affect the substantial rights of the defendant. See Olano, 507 U.S. at 732; Cedelle, 89 F.3d at 184; David, 83 F.3d at 641. However,

> [e]ven then, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise that discretion unless the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"

David, 83 F.3d at 641 (second alteration in original) (quoting Olano, 507 U.S. at 732 (citations omitted)).

Here, the district court did not commit plain error, and LeaSure's reliance on Daniels is misplaced. In Daniels, the defendant was charged with violating 26 U.S.C.A. § 5861(e) (West 1989). We held that "[t]he essential elements of a violation of § 5861(e) are: 1) the knowing transfer; 2) of a firearm; 3) `in violation of the provisions of this chapter,' i.e., Title 26, Chapter 53." Daniels, 973 F.2d at 272 (citing United States v. Garrett, 583 F.2d 1381, 1387-89 (5th Cir. 1978)). We further held that since it was necessary to violate another provision of Title 26 in order to violate § 5861(e), the third element was essential, and the indictment should have contained this element and identified the provisions it implicated. See id. Since the indictment failed to do so, it was fatally defective as to the § 5861(e) offense.

Unlike the situation in Daniels, it is not necessary to violate another provision of Title 26 in order to violate § 5861(i). The essential elements of § 5861(i) are: (1) possession; (2) of a firearm; (3) lacking a serial number. See, e.g., United States v. Stout, 667 F.2d 1347, 1353 (11th Cir. 1982) (holding that "the government . . . undeniably bore its burden as to the essential elements of 26 U.S.C. § 5861(i)" where the evidence showed that "the silencers, made by defendants and in defendants' possession at the time of their arrest, were not stamped with any identifying markings"). The other requirements referred to in the statute, i.e., the "as required by this chapter" items outlined in 26 U.S.C.A. § 5842, are administrative in nature and describe how the serial number is to be applied (i.e., so that it "may not be readily removed, obliterated, or altered") and what information

4

the serial number must contain (i.e., "the name of the manufacturer, importer, or maker, and such other identification as the Secretary may by regulations prescribe"). LeaSure was not charged with possessing silencers with serial numbers that had been improperly applied, or with possessing silencers with serial numbers containing false information; instead, he was charged with, and convicted of, possessing silencers without serial numbers. Since the indictment contained the essential elements of possessing a silencer without a serial number, it was not defective.

LeaSure also claims that the evidence was insufficient to support his conviction. He argues that no evidence was presented concerning serial number identification requirements outlined in 26 U.S.C.A. § 5842, and in 27 C.F.R. § 179.102 (1996). Both the statute and the regulation, however, are administrative in nature. Both inform a manufacturer, importer, or maker of firearms how and where to place firearm serial numbers and what information such numbers must contain. Because LeaSure was not charged with possessing silencers with improper serial numbers, these provisions are not relevant. And, after reviewing the record and the parties' briefs, we conclude that there was substantial evidence supporting LeaSure's conviction for possessing silencers not identified by a serial number. See Glasser v. United States, 315 U.S. 60, 80 (1942).

The presentence report stated that LeaSure's guideline range was forty-one to fifty-one months imprisonment and that no basis for departure was present. LeaSure did not object to this latter recommendation. Nevertheless, the district court departed downward nine levels, placing LeaSure's guidelines range at twelve to eighteen months imprisonment. The district court's explanation at sentencing for departing downward consisted entirely of the following:

> Normally, going strictly by the guidelines in the case we would come up with the possession of silencers and it being a violation of the statute would come into the guidelines with a [base offense level of] 18 points under[U.S. Sentencing Guidelines Manual §] 2K2.1(a)(5)[ (1995)]. . . .
>
> And if I took into account the whole 19 of the silencers, there would be added . . . 4 points and that would come up

5

with a total of 22 for which the guideline sentencing table would reach 41 to 51 months. But I'm satisfied in the case not that there hasn't been a violation, there has been so far as I'm concerned clearly shown, but that the impact of the bundle of silencers which were introduced as evidence in this court range from little small implements to something of considerable size and the finding of those in a cabinet, as Mr. Leasure suggests, in a locked cabinet, and, of course, at that point the violation had already occurred.

But it seems to me that this matter falls under[§ 5K2.0] of the guidelines and I quote it. It says that the judge may depart from the guidelines and impose a sentence outside of the guidelines, "if there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the sentencing commission in formulating the guidelines, that should result in a sentence different from that described." I think that's the case here.

I'd add one thing further in Mr. Leasure's favor[:] . . . the sales that had been made by him had been made to other Governments under prohibitions granted by the United States or to the agencies of the United States so that generally speaking there was a great deal of scrutiny being applied to silencers and their manufacture as indeed there should be because it's certainly an implement that is used in covertness of the most advanced sort. I, therefore, will depart down . . . by 9 points.

(J.A. at 125-26.) The district court sentenced LeaSure at the bottom of the adjusted guidelines range, to twelve months imprisonment.

Following the imposition of LeaSure's sentence by the district court, the Supreme Court issued its decision in Koon v. United States, 116 S. Ct. 2035 (1996), illuminating the analysis a reviewing court must employ in assessing whether a sentencing court erred in departing from the applicable guideline range. In Koon ,

> [t]he Court explained that when assessing whether a potential basis for departure was adequately considered by the

6

Commission in formulating the guidelines, the correct inquiry necessarily focuses on whether the factor is addressed by the guidelines, policy statements, or official commentary and whether it is encompassed within the heartland of situations to which the guidelines were intended to apply.

United States v. Brock, No. 96-4405, slip. op. at 3-4 (4th Cir. Feb. 28, 1997) (citing Koon, 116 S. Ct. at 2044-45); see also United States v. Rybicki, 96 F.3d 754, 757 (4th Cir. 1996). The Supreme Court also declared in Koon that we are to review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion. See Koon, 116 S. Ct. at 2046.

On the record before us, we are unable to ascertain whether the district court abused its discretion in departing downward from the Sentencing Guidelines. In Koon, the Supreme Court instructed that

> [b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, [i.e., whether the case falls outside the heartland,] the district court must make a refined assessment of the many facts bearing on the outcome.

Koon, 116 S. Ct. at 2046 (emphasis added). The district court determined to depart from the guidelines at LeaSure's sentencing hearing on May 21, 1996, several days before the Supreme Court decided Koon on June 13, 1996. As a result, the district court was unaware of the dictates of Koon, and failed to make the "refined assessment of the many facts" required by that decision. Indeed, we are unsure of the facts, if any, the district court relied upon in determining that this case warranted a departure. Accordingly, we affirm LeaSure's conviction, vacate his sentence, and remand to the district court for resentencing in light of Koon.

No. 96-4481 - AFFIRMED
No. 96-4516 - VACATED AND REMANDED FOR RESENTENCING

7