UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4223

BOBBY GENELL BLACK,
Defendant-Appellant.

Appeal from the United States District Court for the
Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-35-BR)

Submitted: December 9, 1997

Decided: December 24, 1997

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, John S. Bowler, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Bobby Black was convicted by a jury of one count each of conspiracy to possess with intent to distribute crack cocaine (21 U.S.C. § 846 (1994)) and possession with intent to distribute crack cocaine (21 U.S.C. § 841(a)(1) (1994)). He asserts that the district court erred by denying his motion to dismiss the indictment against him. In a pretrial motion, Black asserted that the indictment was insufficient to notify him of the nature of the charges against him, failed to provide adequate double jeopardy protection, and failed to ensure that he was tried on the same offense for which he was indicted.[1] Finding no reversible error, we affirm.

Black was part of a large, loosely-knit conspiracy which distributed crack cocaine in the downtown area of Jacksonville, North Carolina. The testimony at trial revealed that the conspirators frequently

_____

[1] Black only challenges the sufficiency of the conspiracy count. However, he contends that the substantive distribution count must also be dismissed because of the prejudicial spillover of evidence from the conspiracy count. Since we find the conspiracy count constitutionally sound, we reject Black's request to reverse his conviction on the distribution count. The conspiracy count read as follows:

> From on or about January, 1989, to January of 1996, in the Eastern District of North Carolina and elsewhere, BOBBY GENELL BLACK, a/k/a/ Black, defendant herein and others, known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit offenses against the United States, to wit, to violate Title 21, United States Code, Section 841, by knowingly and intentionally possessing with intent to distribute cocaine base (crack), a Schedule II narcotic controlled substance, in violation of the provisions of Title 21, United States Code, Section 846.

2

changed roles between buyer, seller, and competitor. Witnesses testified that Black bought and sold crack over 100 times during the course of the conspiracy, and the district court attributed nearly three kilograms of crack cocaine to him.**2**

Since Black challenged the indictment prior to trial, we review the district court's decision to deny his motion de novo and find no error. See United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997). "An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992). Ordinarily, an indictment which follows the language of the criminal statute is valid. See United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987). Black concedes that his indictment listed the statutory elements of the offense. Nevertheless, he asserts that the indictment was insufficient because it failed to list the names of his alleged co-conspirators or any overt acts. We disagree.

This court has consistently held that "the sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations.'" United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990) (quoting United States v. Missler, 441 F.2d 1293, 1297 (4th Cir. 1969)). We join our sister circuits in finding that a conspiracy indictment under 21 U.S.C. § 846 need not allege any overt acts or name unindicted co-conspirators;**3** it is sufficient if the indictment alleges a conspiracy to distribute drugs, identifies the time period in which the conspiracy allegedly operated, and specifies the statute allegedly violated. See United States v. Gaytan, 74 F.3d 545, 552 (5th Cir.), cert. denied, 117 S. Ct. 77 (1996); United States v. Brown, 934 F.2d 886, 889 (7th Cir. 1991); United States v. Jenkins, 779 F.2d 606, 608 n.1 (11th Cir. 1986). Black's indictment satisfied

_____

**2** Prior to trial, the Government followed a liberal "open file" discovery policy, in which Appellant received detailed lists of the witnesses against him and the approximate dates and amount of drugs involved in each transaction about which the witnesses were expected to testify.
**3** Many of Black's alleged co-conspirators were later convicted of various drug offenses, including conspiracy, but they were named in separate indictments.

3

these criteria. It alleged a conspiracy to distribute drugs, stated the time frame of the conspiracy, the place of the offense, the controlled substance involved, and cited the statute allegedly violated. Coupled with the extensive discovery provided prior to trial, we find Black had ample opportunity to prepare his defense.

We find Black's reliance on United States v. Cecil, 608 F.2d 1294 (9th Cir. 1979); United States v. Curtis, 506 F.2d 985 (10th Cir. 1974); and United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970), misplaced. The insufficient indictments in those cases are readily distinguishable from Black's. The major defect in the indictment in Cecil was the open-ended time frame at both ends of the alleged conspiracy. We find that Black's indictment more precisely alleged the time frame involved and insured that he was convicted for actions committed during the same time period as that presented to the grand jury. Curtis and Tomasetta are easily distinguished by the simple fact that the defendants in those cases were accused of committing isolated criminal acts, where greater specificity is required. Black, on the other hand, was accused of being part of a conspiracy which occurred over a long period of time and included numerous overt acts. See United States v. Hallock, 941 F.2d 36, 40-41 (1st Cir. 1991) (distinguishing the indictment in Tomasetta from one in a drug conspiracy).

Finally, "an indictment need not be so detailed that it can, standing alone, bar a later prosecution." American Waste Fibers Co., 809 F.2d at 1047. Examining the entire record, we find that the testimony presented at trial was sufficiently detailed to allow Black to plead double jeopardy in a future proceeding if necessary. Moreover, the testimony at trial merely described conduct which was a subset of the indicted offense of conspiracy. See United States v. Alexander, 789 F.2d 1046, 1049 (4th Cir. 1986). As a result, there was no danger Black was convicted for a crime for which he was not indicted.

We therefore affirm Black's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4